## GONZALES v. SINGER.
### No. 9643.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1935.

Rehearing Denied July 24, 1935.

Todd & Todd, of Corpus Christi, for plaintiff in error.

H. R. Sutherland and I. M. Singer, both of Corpus Christi, for defendant in error.

BICKETT, Chief Justice.

This is an appeal by Hexiquio Gonzales from a judgment in favor of William Singer for the amount of a debt established and for foreclosure of a vendor's lien on lots 1 and 2, block 6, Highland Park addition, in the city of Corpus Christi, Tex.

This suit was brought by Gonzales to set aside a judgment by default previously obtained by Singer in another suit, and to cancel a note and vendor's lien. The two cases were consolidated. Upon a trial before the court. without a jury, the former judgment was set aside, and judgment was rendered in favor of Singer for the balance due on the vendor's lien note, taxes advanced, and insurance premiums paid, and for foreclosure of lien.

Gonzales executed and delivered to B. B. White a certain promissory note, the basis of Singer's suit, for the principal sum of $1,000, dated January 22, 1927, payable to White, or order, in monthly installments of $20 each, providing for interest and attorneys' fees, and reciting. its execution in part payment of the property above mentioned. A deed from White to Gonzales, dated the same date, conveying the property, described the note as a part of the consideration, and recited the reservation of a vendor's lien to secure payment of the note. This deed is the evidence of title, upon which Gonzales depends for ownership of the property.

Upon the trial, Gonzales rather vaguely sought to show that the note was paid, and that, in any event, the note represented a simulated transaction encumbering his homestead that he had previously purchased. And these are the issues presented by his present attorney upon appeal.

The plea of payment is not sustained by the evidence. While some receipts for payments are in the record, they are whol-

ly insufficient to total the amount of this particular note. And, in fact, Gonzales admitted on the trial that he owed something on the note, but differed as to the amount of the debt.

The defense of homestead is, likewise, untenable in the light of all the evidence. Whatever the previous transactions between Singer and Gonzales may have been, there was no instrument or other evidence to show that Gonzales acquired title to the property prior to, or other than by, the deed from White to Gonzales. And the vendor's lien reserved in this deed was superior to the homestead rights.

The judgment of the district court is affirmed.